1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE L. VENABLE,                        No.  2:24-cv-2869 AC P

12              Plaintiff,

13        v.                                    ORDER

14   RODRIGUEZ,

15              Defendant.

16

17        Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18   without a lawyer.  He has requested leave to proceed without paying the full filing fee for this

19   action, under 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff has submitted a declaration showing that he

20   cannot afford to pay the entire filing fee.  See ECF Nos. 2, 4; 28 U.S.C. § 1915(a)(2).

21   Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

22   ////

23   ////

24   _____

25   [1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
     are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a),
26   1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from
     plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate
27   agency requires monthly payments of twenty percent of the prior month's income to be taken
     from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in
28   full.  See 28 U.S.C. § 1915(b)(2).

                                            1

1     I.      Statutory Screening of Prisoner Complaints

2          The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

4    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

5    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

6    an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The

7    critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

8    legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by

9    statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

10         In order to avoid dismissal for failure to state a claim a complaint must contain more than

11   "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

12   cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

13   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14   statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

15   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

16   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

17   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation

18   omitted).  When considering whether a complaint states a claim, the court must accept the

19   allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

20   complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

21   (1969) (citations omitted).

22    II.     Factual Allegations of the Complaint

23         Plaintiff alleges that defendant Rodriguez violated his Eighth Amendment right to be free

24   from cruel and unusual punishment when defendant Rodriguez verbally assaulted plaintiff by

25   calling him a "fucking little bitch."  ECF No. 1 at 4.

26   ////

27   ////

28   ////

1    III.    Failure to State a Claim

2         Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

3    complaint does not state a valid claim for relief pursuant to the Eighth Amendment against

4    defendant Rodriguez for cruel and unusual punishment because offensive and/or vulgar

5    comments, alone, do not violate the Eighth Amendment.  Because of this defect, the court will not

6    order the complaint to be served on defendants.

7         Plaintiff may try to fix these problems by filing an amended complaint.  In deciding

8    whether to file an amended complaint, plaintiff is provided with the relevant legal standards

9    governing his potential claims for relief which are attached to this order.  See Attachment A.

10    IV.    Legal Standards Governing Amended Complaints

11         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

12    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

13    423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named

14    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

15    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

16    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

17    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

18    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

19    268 (9th Cir. 1982) (citations omitted).

20         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

21    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

22    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

23    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

24    1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

25    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

27    ////

28    ////

3

1    V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

2        Your complaint will not be served because the facts alleged are not enough to state a

3    claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

4    you file an amended complaint, pay particular attention to the legal standards attached to this

5    order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.

6    **Any claims and information not in the amended complaint will not be considered.**

7                                    CONCLUSION

8        In accordance with the above, IT IS HEREBY ORDERED that:

9        1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

10        2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13    appropriate agency filed concurrently herewith.

14        3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

15    U.S.C. § 1915A, and will not be served.

16        4.   Within thirty days from the date of service of this order, plaintiff may file an amended

17    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

19    number assigned this case and must be labeled "First Amended Complaint."

20        5.   Failure to file an amended complaint in accordance with this order will result in a

21    recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

22    Procedure.

23        6.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

24    form used in this district.

25    DATED: October 28, 2025

26

27    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

28

1                                   Attachment A

2          This Attachment provides, for informational purposes only, the legal standards that may

3   apply to your claims for relief.  Pay particular attention to these standards if you choose to file an

4   amended complaint.

5      I.      Eighth Amendment

6          "The Constitution does not mandate comfortable prisons, but neither does it permit

7   inhumane ones."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

8   citation omitted).  "[A] prison official violates the Eighth Amendment only when two

9   requirements are met."  Id. at 834.

10          "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Id. (quoting

11  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  To be sufficiently serious, "a prison official's act or

12  omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  Id.

13  (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "[R]outine discomfort inherent in the

14  prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d

15  726, 732 (9th Cir. 2000).  Rather, "extreme deprivations are required to make out a[n] [Eighth

16  Amendment] conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

17  "More modest deprivations can also form the objective basis of a violation, but only if such

18  deprivations are lengthy or ongoing."  Johnson, 217 F.3d at 732.

19          Second, the prison official must subjectively have a "sufficiently culpable state of mind,"

20  "one of 'deliberate indifference' to inmate health or safety."  Farmer, 511 U.S. at 834 (citations

21  omitted).  "[T]he official must both be aware of facts from which the inference could be drawn

22  that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  He

23  must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at

24  847.  If a prison official's response to a known risk is reasonable, they "cannot be found liable."

25  Id. at 845.

26          Allegations of only verbal harassment do not state an Eighth Amendment claim.  Somers

27  v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (stating that "the exchange of verbal insults

28  between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which

                                            1

1    "we do not approve," but which do not violate the Eighth Amendment); <u>Oltarzewski v. Ruggiero</u>,

2    830 F.2d 136, 139 (9th Cir. 1987) (vulgar comments do not violate Eighth Amendment).